UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM J. MILLER,

        Petitioner,

  -v-                                                   16-CV-0687-LJV
                                                      ORDER
HAROLD H. GRAHAM,

        Respondent.
_____


## **PROCEDURAL BACKGROUND**

The *pro se* petitioner, William J. Miller, is an inmate at the Auburn Correctional Facility who has filed a petition for a writ of habeas corpus under 28 United States Code Section 2254. Miller was convicted in New York State Supreme Court, Monroe County, of two counts of Murder in the Second Degree (N.Y. Penal Law § 125.25 [1], [3]), and one count of attempted murder in the First Degree (*id.*, §§ 100.00, 160.15 [2]), in connection with the shooting death of his sister's boyfriend. His petition raised two grounds for relief: (1) insufficiency of the evidence supporting the convictions; and (2) ineffective assistance of counsel based on his attorney's failure to (a) challenge a juror and (b) request a jury instruction on the defense of intoxication. Docket Item 1 at 8-19.[1]

Miller initially filed his petition without paying the required filing fee, and it therefore was dismissed. Docket Item 3. After he paid the filing fee and this matter was reopened, Miller moved to stay his petition and hold it in abeyance while he exhausted

---

[1] Page references are to those generated by the Court's Case Management and Electronic Case Filing System (CM/ECF).

in state court—through a motion under New York Criminal Procedure Law Section 440.10 ("440.10 motion")—his remedies for some unspecified claims. Docket Item 5. He also sought permission to file an amended petition to add the claims he wished to exhaust. *Id.* But Miller's motion did not indicate (1) the specific claims he sought to exhaust and add to the petition or the bases for those claims; (2) whether the claims were new claims or ones already raised in the petition; (3) whether he already had filed a Section 440.10 motion and, if so, the status of the motion; or (4) the reasons he had not exhausted these claims before filing this petition. Docket Item 7 at 1-2.

This Court denied the motion because Miller had failed to satisfy the criteria in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)—*viz.*, (1) providing "good cause" for his failure to exhaust the claims in state court before bringing the petition for a writ of habeas corpus, (2) showing that the unexhausted claims he seeks to pursue in state court are not "plainly meritless," and (3) establishing that he did not engage in any dilatory litigation tactics. Docket Item No. 7 at 3-4. More specifically, the Court found that the motion did not indicate the nature of the claims Miller sought to exhaust, nor did it say whether the unexhausted claims were "new" or already raised in the petition. In addition, the Court found that Miller did not explain why he did not exhaust the claims before bringing the petition and that he did not provide any information that would allow the Court to assess whether the unexhausted claims were "potentially meritorious." *Id.*

The Court denied the motion to stay the petition without prejudice, giving Miller an opportunity to renew and to show under *Rhines*, 544 U.S. at 277-78, that (1) there was good cause for his failure to exhaust the claims he seeks to pursue in state court, and (2) those claims were not plainly meritless. Miller was advised that if the claims he

2

sought to exhaust were "new" claims not raised in the petition already before the Court, he also needed to file a proposed amended petition along with the renewed motion for a stay and abeyance and to establish that the new claims "relate back" to the claims pled in the petition. *See Mayle v. Felix*, 545 U.S. 644, 650 (2005); Fed. R. Civ. P. 15(c).

Miller now has re-filed the motion for a stay and abeyance ("second motion"), along with a proposed amended petition. Docket Item 8. The respondent filed a declaration in opposition to the motion. Docket Item 10. For the following reasons, Miller's motion is denied.

## **DISCUSSION**

Miller's second motion makes clear that the unexhausted claims he wishes to exhaust by way of a 440.10 motion are actually new claims not raised in the petition now before the Court and that he has not yet filed a 440.10 motion in state court with respect to those claims.[2] The three new claims Miller plans to raise in state court are: (1) that his trial counsel was ineffective when he made an inadequate motion for a trial order of dismissal; (2) that the prosecutor committed prosecutorial misconduct when he failed to disclose a cooperation agreement between his office and a cooperating material witness; and (3) that his counsel was ineffective when he filed a post-trial motion that raised only the claims raised previously on direct appeal and failed to file an application seeking leave to appeal to the Appellate Division upon denial of the 440.10 motion. Docket Item 8 at 2-3, and 23-24 (Proposed Amended Petition, Grounds Three, Four and Five).

---

[2] The Court notes that neither the pendency of the habeas corpus petition nor the motion for a stay and abeyance prevents the petitioner from filing a 440.10 motion in state court.

3

Miller claims that he has demonstrated good cause for his failure to exhaust before filing the habeas petition due to his "concern over the potential running of the one year statute of limitations . . . ."; he also says that the claims he "is seeking to assert . . . are not plainly meritless." Docket Item 8 at 1-2 (citations omitted). The respondent submits that the second motion should be denied because: (1) Miller has failed to make a showing of good cause; (2) the new claims raised in the proposed amended petition do not relate back to the claims raised in the petition; and (3) Milller has failed to show that the new claims are not "patently meritless." Docket Item 10 at 4-7.

In *Rhines*, the Supreme Court held that a district court should grant a stay of a habeas petition only when it finds: [1] there is "good cause" for the petitioner's failure to exhaust his claims prior to filing the petition; [2] the unexhausted claims are "potentially meritorious;" and [3] there is no indication that the petitioner "engaged in intentionally dilatory litigation tactics." 544 U.S. at 277-78. A stay and abeyance "should be available only in limited circumstances. . . . [I]t is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 270; *see also Carr v. Graham*, 27 F.Supp.3d 363, 365 (W.D.N.Y. 2014) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.") (citing *Rhines*, 544 U.S. at 277).

But the Supreme Court did not define "good cause," and "in the years since, [it] has elaborated only once, holding in *Pace v. DiGuglielmo* [544 U.S. 408, 416 (2005)] that a 'petitioner's reasonable confusion about whether a state filing would be timely will

4

ordinarily constitute "good cause" for him to file in federal court.' " *Nieves v. Conway*, No. 09-CV-3710(SLT)(LB), 2011 WL 2837428, at *2 (E.D.N.Y. July 14, 2011) (quoting *Pace*, 545 U.S. at 416). So district courts have defined good cause in various ways. *See Fernandez v. Artuz*, No. 00 Civ. 7601 KMW AJP, 2006 WL 121943, at *5 (S.D.N.Y. Jan. 18, 2006) (collecting cases); *see, e.g., Ramdeo v. Phillips,* 04 Civ. 1157(SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006) ("[M]ost of the courts which have thus far engaged in an in-depth analysis of the issue have required that good cause arise from something external, and not fairly attributable, to the petitioner."); *Brown v. Ebert,* 05 Civ. 5579 DLC KNF, 2006 WL 1273830, at *3 (S.D.N.Y. May 9, 2006) (stating that a petitioner found to be "reasonably confused" about whether his claims have been properly exhausted in state court has satisfied the good cause requirement).

Some courts have analogized the "good cause" analysis to that of the "cause" analysis required to overcome a procedural bar. "They find, therefore, that good cause 'must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her.' " *McRae v. Artus*, No. 10–CV–2988 (RRM), 2012 WL 3800840, at *9 (quoting *Ramdeo,* 2006 WL 297462, at *5–6, and citing *Nieves*, 2011 WL 2837428, at *2–3 (collecting cases); and *Garcia v. Laclair*, No. 06–CV–10196(SES)(DF), 2008 WL 801278, at *3 (S.D.N.Y. Mar. 24, 2008) (same)). "Even in cases which expressly reject the notion that 'good cause' is analogous to 'cause' for a procedural default, . . . the 'good cause' has arisen from external factors, not petitioner's own decisions." *Ramdeo*, 2006 WL 297462, at * 6 (citations omitted).

Others have interpreted *Pace* to mean that "good cause" for an order of stay and abeyance need not be based on any factor external to petitioner but rather is "a

5

broader, more forgiving concept." *McCrae*, 2012 WL 3800840, at *8 (citing *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417-19 (S.D.N.Y. 2007); *Bryant v. Greiner*, No. 02Civ.6121(RMB)(RLE), 2006 WL 1675938, at *5 (S.D.N.Y. Jun. 15, 2006)).

This Court need not decide between these approaches here, however, because the petitioner has not shown either any external factors or "reasonable confusion" that caused his failure to exhaust his new claims before he filed his petition in this Court. The only reason the petitioner gives for not exhausting was his concern over the habeas statute of limitations and that the filing of a "protective" petition is good cause. Docket Item 8 at 2 (citing *Pace*, 544 U.S. at 416-17). But that is not the sort of "confusion" the Supreme Court was concerned about in *Pace*. Instead, the Court in *Pace* was concerned "that a 'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that [it] was never "properly filed,"'" and "that his federal habeas petition is thus time barred." *Rivera v. Kaplan*, 17-CV-2257 (RA), 2017 WL 3017713, at *1-2 (S.D.N.Y. July 13, 2017) (quoting *Pace*, 544 U.S. at 416-17).

> A prisoner seeking state postconviction relief might avoid this predicament ... by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Pace*, 544 U.S. at 416-17 (citing *Rhines*, 544 U.S. at 278). Here, Miller expresses no confusion over whether a 440.10 motion filed in the future would be timely; in fact, there is no time limit on the filing of a 440.10 motion. *People v. Jackson*, 78 N.Y.2d 638, 645 (N.Y. 1991). And he gives no good reason for not pursuing that course before coming to this Court.

6

Miller also does not show that some external factors prevented him from filing a 440.10 motion prior to filing the petition herein. Moreover, he admits that he has not yet filed a 440.10 motion and provides no reasons for the delay. Accordingly, the Court finds that Miller has not shown good cause and his second motion for a stay and abeyance is therefore denied.[3]

**ORDER**

Accordingly, it is hereby

ORDERED that Miller's motion seeking a stay of the petition and holding it in abeyance, Docket Item 8, is denied; and it is further

ORDERED in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, that the respondent shall file and serve an **answer** responding to the allegations in the petition by **July 1, 2019**. The answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If so, the respondent shall provide the Court with a transcript of the relevant proceedings, together with any records and documents relating to them, so that the materials can be filed in the official record of this case; and it is further

ORDERED that, in addition to the respondent's answer, the respondent shall file and serve, by **July 1, 2019**, a memorandum of law addressing each of the issues raised in the petition and including citations to supporting authority; and it is further

---

[3] The Court need not address whether the new claims the petitioner proposes to add to the original petition are "potentially meritorious," see *Rhines*, 544 U.S. at 277-78, but notes only that "[i]n upholding the stay-and-abeyance procedure, the Supreme Court emphasized that 'the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims.' The 'plainly meritless' standard sets a low bar for precisely this reason."). *Bryant*, 2006 WL 1675938, at *5 (*quoting Rhines*, 544 U.S. at 277).

ORDERED that by **May 1, 2019**, the respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits demonstrating that an answer to the petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer by **14 days**. This deadline will not be extended beyond 14 days, however, even if the Court does not act on the respondent's motion within that time; and it is further

ORDERED that within **30 days of the date that this order is served** upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in the New York State Supreme Court leading to the conviction shall submit such records to the respondent or the respondent's attorney; and it is further

ORDERED that if the petitioner previously appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, the respondent must provide the Court with a copy of the briefs, the record on appeal, and any opinions of the appellate courts so that such documents can be filed in the official record of this case; and it is further

ORDERED that the petitioner shall have **30 days after his receipt of the respondent's answer or other pleading** to file a written reply.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY(S) APPEARING FOR THE RESPONDENT.**

SO ORDERED.

Dated: April 5, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE